UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEKWAN CARTER,

                    Plaintiff,

           v.

CITY OF NEW YORK DEPT. OF
CORRECTION; N.Y.P.D JAMES
ZOZZARO; ANTHONY FARANDA, 113
Precinct,

                    Defendants.

**MEMORANDUM & ORDER**
23-CV-3763 HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

On May 19, 2023, Plaintiff Sekwan Carter commenced this *pro se* action pursuant to 42

U.S.C. § 1983, asserting false arrest and false imprisonment claims against the New York City

Department of Correction, NYPD Detectives James Zozzaro and Anthony Faranda and the 113th

Precinct.  *See generally* ECF No. 1.  Plaintiff's request to proceed *in forma pauperis* is granted.  For

the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which

relief may be granted.  Plaintiff is, however, granted forty-five (45) days from the date of this Order

to submit an amended complaint regarding his false arrest and false imprisonment claims.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

Although all allegations contained in the complaint are assumed to be true, this tenet is

---

[1]     Unless noted, case law quotations in this Order accept all alterations and omit all internal
quotation marks, citations, and footnotes.

"inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a

*pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*,

courts "remain obligated to construe a *pro se* complaint liberally").  A district court shall dismiss an

*in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff alleges that on March 14, 2014, he went to Queens County Criminal Court to pay a

summons and claims that he was falsely accused of murder by Detective Zozzaro.  ECF No. 1 at 5.

He further alleges that he was falsely imprisoned for two years.  *Id*.  Plaintiff seeks monetary

damages.  Plaintiff brings this action under 42 U.S.C. § 1983, which provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
> States . . . to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

**I.    Plaintiff's False Arrest and False Imprisonment Claims**

   *A.  Plaintiff's Complaint Fails to Sufficiently State a Claim Upon Which Relief May Be
   Granted*

Liberally construed, Plaintiff asserts claims for false arrest and false imprisonment.  Federal

courts look to state law when considering federal civil rights claims for false arrest and false

2

imprisonment.  *See Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022).  Under New York law, there is no distinction between false arrest and false imprisonment.  *See Rhodes v. United States*, 519 F. App'x 703, 705 (2d Cir. 2013); *Liranzo v. United States*, 690 F.3d 78, 91 n.13 (2d Cir. 2012).  To establish a false arrest claim, a plaintiff must show that "(1) the defendant intended to confine [him], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996).  Probable cause is a complete defense to an action for false arrest brought under New York law and "exists when the officers have . . . reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012); *Smith v. Rossini*, No. 19-cv-323, 2020 WL 9816016, at *4 (E.D.N.Y. Nov. 30, 2020).

Here, Plaintiff has failed to provide sufficient facts supporting each claim against each Defendant named in the complaint and it is unclear if Plaintiff was convicted of the crime for which he was arrested.  For example, it is unclear from the complaint what Plaintiff's claims are against Detective Faranda as Plaintiff only mentions this Defendant in the case caption.  In light of this Court's duty to liberally construe *pro se* complaints, the Plaintiff is given 30 days from the date of this order to file an amended complaint. The amended complaint must state the facts that support Plaintiff's case, including what each Defendant did or failed to do and describe how each Defendant's acts or omissions violated Plaintiff's rights.  Conclusory claims or general claims of misconduct will not suffice.  Plaintiff must provide enough information against each Defendant named in the caption and in the statement of claim to provide sufficient notice of the claim against each Defendant, as required by Rule 8 of the Federal Rules of Civil Procedure.

### B.  *Plaintiff's Claims Are Time-Barred*

Moreover, it appears that Plaintiff's claims for false arrest and false imprisonment are time-barred.  Section 1983 does not provide a specific statute of limitations.  Thus, courts apply the statute of limitations for personal injury actions under state law.  Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations."  *Rivera v. City of New York*, No. 20-cv-9968, 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022).  However, "[a]lthough the statute of limitations period is determined by reference to state law, the determination of when a claim accrues is governed by federal law.  For § 1983 claims, accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Id.*  A false arrest claim in violation of the Fourth Amendment, where criminal proceedings follow the arrest, begins to run at the time the claimant is detained pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Jones v. City of New York*, 846 F. App'x 22, 23 (2d Cir. 2021); *Livingston v. Mejia*, No. 20-cv-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because he initiated this action over three years after his arraignment).

Here, Plaintiff was arrested on March 14, 2014, and presumably arraigned on the charges shortly thereafter, more than nine years before filing the instant action.  Plaintiff's claims for false arrest and false imprisonment must therefore be dismissed as barred by the three-year statute of limitations unless Plaintiff can show that equitable tolling applies.  "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity."  *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000).  New York law allows for equitable tolling, but it is "applied only in rare and exceptional circumstances," where a party was prevented from timely performing a required act and where that party "acted with reasonable diligence throughout

4

the period he sought to toll." *Jones*, 846 F. App'x at 24; *see also Visco v. Brentwood Union Free Sch. Dist.*, 991 F. Supp. 2d 426, 434 (E.D.N.Y. 2014) ("In making [a] determination [about whether the doctrine of equitable tolling applies], a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.").

Plaintiff has not alleged a basis for equitable tolling in his complaint.  Accordingly, the Court grants Plaintiff leave to file an amended complaint explaining why the three-year statute of limitations should not apply to his case and what actions he has taken to "act[] with reasonable diligence throughout the period he [seeks] to toll." *Jones,* 846 F. App'x at 24; *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("Unless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition.").  In other words, Plaintiff must describe what "rare and exceptional circumstances" prevented Plaintiff from filing a complaint prior to March 14, 2017, the date around which the statute of limitations presumably expired.  *Jones,* 846 F. App'x at 24.  Failure to allege an adequate basis for equitable tolling will result in dismissal of Plaintiff's amended complaint with prejudice. *See Khalil v. Pratt Inst.*, 818 F. App'x 115, 116–17 (2d Cir. 2020) (affirming *sua sponte* dismissal of *pro se* plaintiff's employment discrimination claims on statute of limitations grounds).

## II.   Plaintiff's Claims against The New York City Department of Correction and the 113th Precinct Are Dismissed

The New York City Department of Correction ("DOC"), as an agency of the City of New York, is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name

of the city of New York and not in that of any agency, except where otherwise provided by law."); *Foster v. DOC NYC*, No. 23-cv-3613, 2023 WL 3346770, at *1 (S.D.N.Y. May 10, 2023) (holding that the DOC is not an entity that may be sued, and "any claims against DOC must be brought against the City of New York").  Similarly, Plaintiff's claims against the 113th Precinct, which the Court construes as claims against the New York City Police Department ("NYPD"), are dismissed because the NYPD, like DOC, is not an entity that can be sued.  *See Fraser v. City of New York*, No. 20-cv-5741, 2022 WL 3045524, at *2 (E.D.N.Y. Aug. 1, 2022) ("The NYPD is an agency of the City of New York and is therefore a non-suable entity.").

Accordingly, Plaintiff's claims against the DOC and the 113th Precinct are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

## III.   Leave to Amend

Plaintiff is granted forty-five (45) days from the date of this Order to submit an amended complaint regarding his false arrest and false imprisonment claims.  Should Plaintiff elect to file an amended complaint, he is informed that the complaint must:  (i) state whether he was convicted of the crime for which he was arrested; (ii) state the facts that support Plaintiff's case, including what each Defendant did or failed to do and describe how each Defendant's acts or omissions violated Plaintiff's constitutional or statutory rights; and (iii) state whether he has a basis for equitable tolling of the limitations period, and, if so, what that basis is.  Plaintiff is informed that any amended complaint will completely replace, not supplement, the original complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order.

## CONCLUSION

Plaintiff's claims against the New York City Department of Correction and the 113th Precinct are dismissed with prejudice.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  No summons shall issue as to these Defendants, and the Clerk of Court is directed to terminate these Defendants from the action.  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. If Plaintiff fails to file an amended complaint within forty-five (45) days from the date of this Order, judgment shall enter, and this case shall be closed.  Plaintiff may wish to consult the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.  The Clerk of Court is directed to mail a copy of this Order and a civil rights complaint form to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
June 7, 2023

---

[2]     The Court finds that dismissal of these Defendants with prejudice is warranted because DOC and the NYPD are not entities that can be sued.  *See Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019) (finding that dismissal with prejudice is appropriate where plaintiff "fails to state a viable legal claim").