UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEKWAN CARTER,

                Plaintiff,

      v.

CITY OF NEW YORK DEPT. OF CORRECTION; N.Y.P.D JAMES ZOZZARO; ANTHONY FARANDA, 113 PRECINCT,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-3763 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

      On May 19, 2023, Plaintiff Sekwan Carter commenced this *pro se* action pursuant to 42 U.S.C. § 1983, asserting false arrest and false imprisonment claims against the New York City Department of Correction, NYPD Detectives James Zozzaro and Anthony Faranda and the 113th Precinct. *See generally* ECF No. 1 (Complaint). On June 7, 2023, I dismissed Plaintiff's claims against the New York City Department of Correction and the 113th Precinct with prejudice. *See* ECF No. 4 (Decision) at 5-6. I also dismissed Plaintiff's remaining claims for failure to state a claim upon which relief may be granted, but granted Plaintiff leave to amend his complaint regarding his false arrest and false imprisonment claims as Plaintiff had failed to provide sufficient facts supporting his claims and had not alleged a basis for equitable tolling in his complaint. *Id.* at 2-5. I warned that "[f]ailure to allege an adequate basis for equitable tolling will result in dismissal of Plaintiff's amended complaint with prejudice." *Id.* at 5. On November 8, 2023, Plaintiff filed his Amended Complaint, asserting false arrest, false imprisonment, and malicious prosecution claims. *See* ECF No. 8 (Amended Complaint). Plaintiff further alleged that his claims should be equitably tolled because he relied on the law firm he had previously hired to "properly handle his case." *Id.* at 6. For the reasons set forth herein, Plaintiff's Amended Complaint is dismissed with prejudice

because his claims are time barred. Plaintiff's ignorance of the law and reliance on his lawyers do not warrant equitable tolling.

## BACKGROUND

Plaintiff's Amended Complaint alleges that he was falsely arrested, imprisoned, and maliciously prosecuted by Detectives James Zozzaro and Anthony Faranda ("Defendants") on March 14, 2014, for a murder that he did not commit. *Id.* at 2, 7-10. Specifically, Plaintiff alleges he was coerced by the Defendants to confess to murder. *Id.* at 3-4. Plaintiff claims that, as a result of his false confession, he was wrongly imprisoned for two years. *Id.* at 4. Plaintiff was acquitted on January 27, 2016. *Id.* at 4. Plaintiff then hired a law firm to file a case "against New York City and all actors who caused him to be falsely arrested, detained against his will, and maliciously prosecuted." *Id.* at 5. Plaintiff's lawyers filed suit in state court and did not seek relief in federal court. *Id.* at 6. The state court case was dismissed in April 2023. *Id.* at 6. Plaintiff now seeks monetary damages pursuant to 42 U.S.C § 1983 for false arrest, false imprisonment, and malicious prosecution claims. *Id.* at 7-9. Plaintiff asserts that his claims should be equitably tolled because he "relied on the law firm to properly handle his case" and he was "unaware of the impact this would have until the matter was dismissed." *Id.* at 6.

## LEGAL STANDARD

A district court shall dismiss an *in forma pauperis* action where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts are "obligated to construe a *pro se* complaint liberally," *see Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), the complaint must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]

"A complaint that is time-barred fails to state a claim on which relief may be granted, and a district court may *sua sponte* dismiss a complaint as time-barred where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020). If a court is to dismiss a complaint *sua sponte* on a statute of limitations basis, it must provide Plaintiff with "notice and the opportunity to be heard." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Indeed, "[w]hile statute of limitations defenses are ordinarily raised by the defendant . . . courts can and do dismiss cases on their own initiative under Section 1915(e)(2) when an IFP plaintiff's complaint reveals that [his] claim is clearly untimely." *Kimberly W. v. Saul*, No. 21-cv-00042, 2021 WL 880110, at *3 (D. Conn. Mar. 9, 2021); *see also Merola v. Lowe*, No. 20-cv-00491, 2020 WL 4350205, at *1-2 (E.D.N.Y. July 29, 2020) (dismissing Section 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) where Plaintiff provided no basis to toll the statute of limitations).

## DISCUSSION

As detailed in the Court's June 7, 2023, Order, Plaintiff's claims for false arrest, false imprisonment and malicious prosecution are time-barred. ECF No. 4 at 4-5. Federal courts apply the state law statute of limitations for personal injury actions for Section 1983 claims, and in New York that statute of limitations is three years. *Rivera v. City of New York*, No. 20-cv-09968, 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022). "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

3

conforming in general to common-law tort principles." *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019). Consequently, Plaintiff's false arrest and false imprisonment claims began to run at the time Plaintiff was detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Jones v. City of New York*, 846 F. App'x 22, 23 (2d Cir. 2021); *Livingston v. Mejia*, No. 20-cv-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because he initiated this action over three years after his arraignment). Additionally, Plaintiff's malicious prosecution claims began to run on the date he was acquitted. *McDonough*, 139 S. Ct. at 2156 ("the common-law tort of malicious prosecution . . . accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor").

Plaintiff was arrested on March 14, 2014, and arraigned on the charges shortly thereafter. ECF No. 8 at 2, 4. He was then detained until he was acquitted on January 27, 2016. *Id.* at 4. Under this set of facts, Plaintiff's claims are untimely as they were brought beyond the three-year statute of limitations. *See, e.g.*, *Izeh v. City of New York*, No. 23-cv-0194, 2023 WL 2088180, at *3 (S.D.N.Y. Feb. 16, 2023) (dismissing Plaintiff's Section 1983 claims as untimely where Plaintiff filed claims over two years after the statute of limitations expired).

Plaintiff's contention that he did not file his claims sooner because he "relied on the law firm to properly handle his case" and he was "unaware of the impact this would have until the matter was dismissed," is insufficient to equitably toll the statute of limitations. ECF No. 8 at 6. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (affirming denial of equitable tolling for Section 1983 claims). Specifically, a plaintiff must demonstrate that extraordinary

4

circumstances "caused him to miss the original filing deadline," and, even if that casual relationship is established, plaintiff must also show he exerted "reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." *Id.* While it may be true that Plaintiff here conducted reasonable diligence in pursuing his claims when he hired a law firm that filed suit in state court, *see* ECF No. 8 at 6, extraordinary circumstances did not cause Plaintiff to miss his deadline in federal court. In particular, Plaintiff's reliance on his lawyers to "properly handle his case" does not amount to an extraordinary circumstance. *See, e.g.*, *Billeris v. Inc. Vill. of Bayville, New York*, No. 20-cv-03298, 2023 WL 6214108, at *8 (E.D.N.Y. Sept. 25, 2023) (holding Plaintiff's Section 1983 claims were not equitably tolled where Plaintiff and Plaintiff's counsel did not conduct proper due diligence); *Senecal v. B.G. Lenders Serv. LLC*, 976 F. Supp. 2d 199, 210 (N.D.N.Y. 2013) ("The extreme circumstances in which represented plaintiffs are entitled to equitable tolling do not extend to situations in which a plaintiff's lawyer simply fails to exercise due diligence."). Furthermore, Plaintiff's assertion that he was "unaware of the impact this would have until the matter was dismissed," does not entitle Plaintiff to equitable tolling because "ignorance of the law is not sufficient to justify equitable tolling." *Rosenwasser v. Fordham Univ.*, 772 F. App'x 1, 3 (2d Cir. 2019) (affirming dismissal of Section 1983 claims as untimely); *see also Birch v. Danzi*, No. 18-cv-00839, 2018 WL 3613016, at *4 (E.D.N.Y. July 26, 2018) (holding that "delay in timely filing due to legal research" did not merit equitable tolling). Consequently, Plaintiff has failed to establish an adequate basis for the equitable tolling of his claims.

## CONCLUSION

Plaintiff's Amended Complaint is dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue, and the Clerk of Court is directed to terminate this action. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

> */s/ Hector Gonzalez*
> HECTOR GONZALEZ
> United States District Judge

Dated: Brooklyn, New York
       December 1, 2023